[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO SET ASIDE THE VERDICT AND GRANT A NEW TRIAL
This malpractice case was tried to the jury before this Court resulting in a Plaintiff's Verdict on March 12, 1991, wherein the jury found the issues for the plaintiff Linda Solsbury as against the defendant Thomas Goulding and found that fair, just and reasonable damages were ten million dollars.
Thereafter on March 13, 1991, the defendant, by counsel, moved to set aside the verdict as contrary to the evidence and the law.
On that day in the afternoon, the court clerk was advised by defense counsel that a telephone message had been left in his office by one of the jurors which said in part he "wants to know if the trial could be reopened due to prejudice." The Court, upon learning of that information, instructed counsel to be in court the next morning at 9:00 a.m.
By agreement of counsel, the Court (after making the telephone message a court exhibit) instructed the clerk to contact the juror to ask him to come into court as soon as possible.
The juror arrived later that morning and, by agreement of counsel, the Court conducted an in camera interview with him to inquire into the cause of his telephone contact with the defendants' attorney. The court monitor recorded and transcribed the interview. Copies were made available forthwith to counsel.
Thereafter, the defendant, on the basis of this information, filed the Motion to Set Aside the Verdict and Grant a New Trial on March 22, 1991.
A hearing was held on the motion on April 18, 1991, at which time the transcript of the March 14, 1991 interview was marked as a court exhibit. Both parties were represented by counsel and filed briefs concerning their respective legal and factual claims.
At the hearing on the motions, the defendant requested an evidentiary hearing for the purpose of examining the jurors as to the matters raised by the in camera interview CT Page 3516 with the juror as recorded and transcribed. In addition, the defendant advanced his reasons for setting aside the verdict. The plaintiff objected to the evidentiary hearing, claiming that the showing by the defendant was insufficient to justify the same and opposed the setting aside of the verdict, arguing that the verdict was supported by the evidence and the law.
The record will show that this was a long and complicated trial which began after jury selection on February 26, 1991 and continued on various days until March 12, 1991. The testimony of fifteen witnesses was presented to the jury by the parties, many of whom were brought to Connecticut from out of state. Voluminous exhibits were introduced, including photographs, medical records and economic reports relating to, among other things, the plaintiff's activities prior to her injury and the plaintiff's medical condition and the claimed causes for the same.
The plaintiff, by her evidence, claims to have shown that she was rendered a quadriplegic by the cervical manipulations of the defendant chiropractor. The plaintiff's evidence included the testimony of a rehabilitation specialist who offered into evidence a "life care plan" for the plaintiff's independent living which he testified would cost $290,000 a year to implement. A medical expert offered by the plaintiff who was involved in rehabilitation neurology testified that the life expectancy of the plaintiff was 25 years. An economist who testified on behalf of the plaintiff offered evidence to the jury that the total cost (present value) of putting into effect of the "life care plan" over the 25-year life expectancy was $8,599,350.
The plaintiff offered into evidence medical bills from the New Britain Hospital relating to her injuries in the amount of $501,813.
There was testimony offered with regard to the employment records of the plaintiff as a nurse at a local hospital prior to her injury.
The defendant's evidence, which was presented to the jury, included a denial that the manipulation or adjustment was performed on the plaintiff by the defendant and medical evidence indicating that the cause of the stroke which resulted in the plaintiff's quadriplegia could not be determined from the medical evidence available.
The threshold issue with regard to the motion before the Court is whether or not an evidentiary hearing at which the defendant has an opportunity to question the jurors is CT Page 3517 warranted or justified by the facts of this case and the law.
As indicated above, both parties have filed extensive memoranda with regard to the law.
The parties have traced the law from the rule set forth by Lord Mansfield that "evidence of juror misconduct or mistake could not be received from a juror to set aside his own verdict. State v. Freeman, 5 Conn. 348, 350, 352." Aillon v. State, 168 Conn. 541, 549 (1975). Through to the present situation which permits evidence with regard to matters extraneous to the mental operations of the jury reviewed in cases such as Hamill v. Neikind, 170 Conn. 357 (1976); Josephson v. Meyers, 180 Conn. 302 (1980); Speed v. DeLibero,215 Conn. 308 (1990). See Schlaff, Impeachment of Verdicts on Juror Testimony, 61 Conn. B.J. 215 (1987).
The question here, with regard to whether or not to permit further inquiry of the jurors does not seem to have been squarely addressed by the Court previously except that it is clear that the burden is on the moving party in a civil proceeding to establish that juror misconduct denied him a fair trial. Speed v. DeLibero, supra, 313. From a review of the cases, it is determined by the Court that the defendant in this civil case as the moving party has the burden of making a showing that there was juror misconduct which does not essentially adhere in the verdict itself and which, if established, would have denied him a fair trial.
In this case, having carefully reviewed the transcript of the interview of juror Robert Hall when he was examined in camera by the Court with the concurrence of both counsel, it appears to the Court that there is no justification for the claim advanced by the defendant. No other showing or offer was made on behalf of the defendant which would justify a fishing expedition into the inner sanctum of the jury deliberation room.
Having made that determination about the "testimony" of juror Hall, it is clear that the defendant has not satisfied the burden.
It should be noted that when the verdict was ordered accepted and recorded, each of the jurors noted that it was their verdict. The defendant did not request that the jury be further polled.
The Court, accordingly, will deny the motion for a new trial. CT Page 3518
The Court also finds that the jury verdict was not against the law or the facts and does not reflect in any way any prejudice on the part of the jury against the defendant.
Accordingly, the motion to set aside the verdict is denied.
Leuba, J.